[Dkt. No. 12]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ROBERT W. NYHOLM, 2ND<br><br>        Plaintiff,<br><br>   v.<br><br>OFFICER PRYCE, OFFICER STILLWELL, CORRECTIONAL MEDICAL SERVICES, INC. (CMS), SGT. JOHN DOE<br><br>        Defendants. | Civil No. 08-4824 (RMB)<br><br>**OPINION** |

**BUMB**, United States District Judge:

This matter comes before the Court upon a motion by the plaintiff, Robert W. Nyholm, 2nd ("Plaintiff"), for default judgment against the defendants, Officer Pryce, Officer Stillwell, and Correctional Medical Services ("CMS") (collectively, "Defendants").

## I. Background

On September 26, 2008, Plaintiff, an inmate at Albert C. Wagner Youth Correctional facility, filed a Complaint in this Court against Officer Pryce, Officer Stillwell, CMS, and Sergeant John Doe (an unknown party). Proceeding pro se, Plaintiff

brought this action in forma pauperis, alleging a constitutional claim under 42 U.S.C. § 1983, as well as tort claims based on negligence, assault and battery.

On April 20, 2009, the Court granted Plaintiff's application to proceed in forma pauperis and ordered that the U.S. Marshal serve the Defendants with Summons and copies of the Complaint. [See Dkt. No. 5]. The Summonses for Officers Pryce and Stillwell were returned executed on June 11, 2009 [Dkt. No. 9] showing that service was effectuated on May 27, 2009. The Summons for CMS was returned executed on June 15, 2009 [Dkt. No. 10] showing that service was effectuated on May 21, 2009. However, despite the returned summonses, none of the Defendants filed an answer or otherwise moved before the Court within the 20 days following service, as required under Fed. R. Civ. P. 12(a). Consequently, Plaintiff obtained a Clerk's entry of default against Defendants on June 25, 2009. Plaintiff then filed the present motion seeking default judgment against all three Defendants. Thereafter, on July 8, 2009, CMS filed a Brief in Opposition to Plaintiff's motion for default judgment, requesting that the Court set aside the clerk's entry of default [Dkt. No. 13]. Officers Pryce and Stillwell have not made an appearance or otherwise filed any response before the Court.

**II. Standard of Review**

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause ... ." While judgments based on default are not favored, the decision of whether to set aside an entry of default under Rule 55(c) is left to the discretion of the district court. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" Id. (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). In making a decision, the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc., v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).[1]

**III. Analysis**

    **A. Default Judgment as to Officers Pryce and Stillwell**

Plaintiff argues that the Court should grant default

---

[1] The Court notes that these factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default." Gold Kist, 756 F.2d at 19. In this case, it is undisputed that the clerk's entry of default was authorized and properly entered.

judgment as to Officers Pryce and Stillwell, who have yet to enter an appearance. He claims that Officers Pryce and Stillwell were properly served under Fed. R. Civ. P. 5(b)(2)(B)(I) and yet they have failed to answer or otherwise defend within the time allotted under Fed. R. Civ. P. 12(a)(1)(A)(I).

The Court questions whether service was properly effectuated upon Officers Pryce and Stillwell, as neither of them has entered an appearance. Under Fed. R. Civ. P. 4(e)[2], service of process may be accomplished by any of the following methods:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[3]

---

[2] Plaintiff alleges that service of process was proper pursuant to Fed. R. Civ. P. 5(b)(2)(B)(I); however, Rule 5 does not govern the service of summons, but rather service of "pleadings and other papers." Rule 4 governs the service of summons.

[3] New Jersey Court Rule 4:4-4, which outlines the guidelines for service of process in New Jersey is similar to the federal procedures.

In this case, the U.S. Marshal Service certified that it effectuated service on Officers Pryce and Stillwell at their place of employment (the Garden State Youth Correctional Facility) by "personally serv[ing]" an individual referred to as "Hall, Associate Administrator, Garden State Fac[.]" (Process Receipt and Return [Dkt. No. 9]). This type of service is acceptable under Rule 4(e)(2)(C) as long as the "Hall, Associate Administrator" is "an agent authorized by appointment or by law to receive service of process."

Agency appointment for purposes of service of process usually requires an "actual appointment for the specific purpose of receiving process." Dunkley v. Rutgers, 2007 WL 2033827 at *2 (D.N.J. July 11, 2007) (citing Local 617, Int'l Brotherhood of Teamsters v. Hudson Bergen Trucking Co., 182 N.J. Super. 16 (App. Div. 1981)). To determine whether an actual appointment existed,

> courts will generally "look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must be either expressed or implied from the type of relationship between the [Defendants] and the alleged agent. Additionally, there must be evidence that [Defendants] intended to confer such authority upon the agent. The requisite intent may be implied from ... the circumstances surrounding the service upon the agent."

Id. (quoting Local 617, 182 N.J. Super at 20)(citing 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1097, 1101)) (emphasis deleted). Significantly, "[t]he burden

5

remains on the plaintiff to prove that an agency relationship existed between the [Defendants] and [the individual who accepted service]." Id.

Here, Plaintiff has offered no evidence to show that Officers Pryce and/or Stillwell expressly designated the "Hall, Associate Administrator" to serve as their agent for acceptance of process. Nor has Plaintiff offered any circumstantial evidence that the "Hall, Associate Administrator" was the proper person to accept service on their behalf in this case. Indeed, there is no evidence that Officers Pryce and Stillwell ever received the summons and complaint. "To ensure fairness, service within the strict parameters of the Rule must be effected." Id. Given the dearth of evidence as to any agency relationship, this Court cannot find that the "Hall, Associate Administrator" qualifies as "an agent authorized by appointment or by law to receive service of process" under Rule 4(e)(2)(C).

That is not the end of the discussion, however, because the Plaintiff has proceeded in forma pauperis. According to 28 U.S.C. § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases." Because Plaintiff was granted leave to proceed in forma pauperis in this case, it is "the [Court's] responsibility to serve process upon all defendants and ... [Plaintiff] should not be penalized for failure to effect service where it failed

6

through no fault of his own." Holmes v. St. Vincent Health Center, No. 06-199E, 2007 WL 2541790, at *2 (W.D. Pa. August 31, 2007). Accordingly, although the Court will not grant Plaintiff's motion for default judgment with respect to Defendants Pryce and Stillwell, it will direct the U.S. Marshal Service to re-serve Officers Pryce and Stillwell according to one of the permissible methods of service set forth in Fed. R. Civ. P. 4(e) within a reasonable amount of time. The entry of default as to these defendants will also be set aside.

**B. Default Judgment as to Defendant CMS**

Contrary to Defendants Pryce and Stillwell, Defendant CMS has entered an appearance and filed an opposition to Plaintiff's motion for default judgment, requesting that the Court set aside the clerk's entry of default. In deciding whether to grant default judgment, the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc., v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985). The Court will address each of these factors in turn.

**1. Prejudice to Plaintiff**

There is no indication that the Plaintiff has suffered or will suffer any prejudice by permitting CMS to respond to the

7

Complaint.  The Complaint was served on CMS on May 21, 2009) and CMS was due to answer by June 10, 2009.  Counsel for CMS entered its appearance on June 8, 2009, and filed its first submission (i.e., an opposition to Plaintiff's motion for default judgment) on July 8, 2009.  In its opposition, CMS seeks a 30-day extension (from the date of the entry of the Court's order on the motion) in which to file an answer.  Granting this request today would render CMS's answer due by September 19.  In this Court's view, a three-month delay would not have a prejudicial effect on Plaintiff.

Moreover, Plaintiff's prosecution of the case thus far has not involved a great deal of effort on the part of Plaintiff.  Indeed, it appears that the only actions Plaintiff has taken against CMS up to this point are:  filing/serving the Complaint, requesting a Clerk's entry of default, and filing a motion for default judgment.  While setting aside the entry of default would undue Plaintiff's minimal efforts thus far, in this Court's view, such result would not constitute prejudice to Plaintiff.  Accordingly, this factor weighs in favor of setting aside the entry of default as to CMS.[4]

---

[4] CMS also argues that it was never properly served with the Amended Complaint, as the summons executed on May 21, 2009 was in connection with the original Complaint.  (CMS Opp. at 4).  However, there is no question that CMS was served with the initial complaint and that is all Rule 4 requires.

**2. Meritorious Defense**

The second factor, whether the defendant has established a meritorious defense, is deemed a "threshold question" because without it, the defendant could not win at trial and, thus, "there would be no point in setting aside the default... ." $55,518.05, 728 F.2d at 195. A meritorious defense is shown "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" Id. (citing Tozer, 189 F.2d at 244; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)). As the Third Circuit has emphasized, the allegations in the defendant's answer must contain "specific facts beyond simple denials or conclusory statements." Id. (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1983); Feliciano v. Relian Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982); Farnese, 687 F.2d at 764). Where a defendant's answer "is couched solely in conclusory language and is nothing more than a verbatim excerption of the statutory language[,]" such answer will not suffice. Id. at 196.

In this case, CMS asserts that it "will demonstrate that the medical care and treatment provided to the Plaintiff for injuries to his fingers was reasonable and appropriate, and comported with the standard of care." (CMS Opp. at 5 [Dkt. No. 14].) If proven at trial, this would constitute a meritorious defense. However, this statement alone cannot satisfy the standard recited above.

Defendant CMS's proposed answer must contain "specific facts beyond simple denials or conclusory statements." $55,518.05, 728 F.2d at 195. The Court will allow Defendant CMS thirty days to supplement its opposition papers with a proposed answer that asserts a meritorious defense based on specific facts.

### 3. Culpable Conduct

Finally, the Court must consider whether the default was the result of culpable conduct on the part of the defendant. CMS avers that its delay in answering the Complaint was not due to any culpable conduct, but rather a "consequence of the practicalities of the functioning of a complex corporation, nationwide in scope, which as a matter of business necessity must function in matters of litigation through litigation managers and outside defense counsel." (Id.; see also Certification of Sean Robins in Support of CMS' Opposition). Plaintiff has offered nothing to contradict this contention. Thus, the third factor weighs in favor of setting aside the entry of default.

## IV. Conclusion

Accordingly, for the foregoing reasons, the Plaintiff's motion for default judgment is denied as to Officers Pryce and Stillwell and the clerk's entry of default will be vacated as to those individual defendants. The U.S. Marshals Service will be ordered to re-serve the summons on Officers Pryce and Stillwell.

As to CMS, the Court will allow CMS thirty days from the date of this Opinion to supplement its opposition papers with a proposed answer that asserts a meritorious defense based on specific facts.  The Court will render its decision on Plaintiff's motion for default judgment against CMS after that time.  An appropriate Order will issue this date.

Dated:     August 20, 2009            s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      United States District Judge